UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:22-cr-00521 |
|  | : |  |
| Plaintiff, | : | ORDER |
|  | : | [Resolving Doc. 30] |
| v. | : |  |
|  | : |  |
| KENNETH FRANKLIN, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

---

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

On September 28, 2022, a grand jury indicted Kenneth Franklin on six charges related to a series of armed carjackings.[1]  On October 11, 2022, an officer arrested Franklin.[2]

On October 18, 2022, Magistrate Judge Armstrong held a detention hearing to determine whether Franklin should remain in custody pending trial.[3]  Judge Armstrong ordered Franklin's release.[4]

The Government now moves to stay and revoke Franklin's release.[5]  Franklin opposes.[6]  Because the Court agrees with the Government that no condition or combination of conditions would reasonably assure the safety of the community if Franklin were released, the Court **GRANTS** the Government's motion.

---

[1] Doc. 17.
[2] Doc. 34.
[3] Doc. 41.
[4] *Id.* at 38 (PageID 202).
[5] Doc. 30.
[6] Doc. 44.

Case No. 22-cr-521
GWIN, J.

# I. Background

## A. Carjackings

Defendant Franklin, along with his two co-defendants, allegedly participated in a series of armed carjackings across Northeast Ohio.[7]

The defendants allegedly used a "bump car" to rear-end victims' vehicles.[8]  When each victim stopped to exchange insurance information, two of the defendants would allegedly confront the victim with guns and steal the victim's vehicle.[9]

The co-defendants allegedly stole two cars using this scheme.[10]  A third would-be victim physically resisted.  Although the co-defendants allegedly took this victim's keys, they fled in the bump car without the victim's car.[11]

Franklin allegedly drove the bump car for all three carjackings.[12]

## B. Procedural History

On September 28, 2022, an indictment charged Franklin with three carjackings, violating 18 U.S.C. § 2119(1) and 18 U.S.C. § 2, and three counts of possessing a firearm to further a violent crime, violating 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2.[13]

On October 18, 2022, Magistrate Judge Armstrong held a detention hearing for Franklin.[14]  The Government proffered circumstantial evidence to demonstrate Franklin's participation in the carjackings and the danger he would pose to the community if released.

---

[7] Doc. 41 at 12–14 (PageID 176–78).
[8] *Id.*
[9] *Id.* at 12 (PageID 176).
[10] *Id.* at 12–14 (PageID 176–78).
[11] *Id.* at 17 (PageID 181).
[12] *Id.* at 15 (PageID 179).
[13] Doc. 17.
[14] Doc. 41.

Case No. 22-cr-521
GWIN, J.

First, cellular-tower evidence suggested Franklin and his co-defendants were at the scene of each carjacking.[15]

Second, a video showed Franklin in a parking lot with the bump vehicle and the two stolen cars.  The video also showed Franklin holding a rifle.[16]

Third, the Government proffered evidence that officers found while searching Franklin's family home.  In a drawer in Franklin's bedroom, officers found the keys to the car Defendants allegedly tried to steal.  The drawer also contained a letter addressed to Franklin and ammunition.  Officers discovered a firearm and more ammunition in the home's kitchen.[17]

Franklin did not offer exhibits or testimony supporting release.  Franklin primarily questioned the Government's evidence's weight.[18]  Franklin also proffered that he was only 18 years old, lacked a prior criminal record, and had strong community ties.[19]

At the detention hearing's conclusion, Judge Armstrong ordered Franklin released to home detention with electronic location monitoring.  Judge Armstrong found that information pretrial services had provided demonstrated that Franklin was not a flight risk or a danger to the community.[20]

---

[15] *Id.* at 15 (PageID 179).
[16] *Id.* at 16, 20–21 (PageID 180, 184–85).
[17] *Id.* at 16–20 (PageID 180–84).
[18] *Id.* at 21–25 (PageID 185–89).
[19] *Id.* at 25–26 (PageID 189–90).
[20] *See id.* at 33–39 (PageID 197–203).

- 3 -

Case No. 22-cr-521
GWIN, J.

Judge Armstrong further ordered that Franklin's mother, Tanya Oliver, would serve as Franklin's third-party supervisor.[21]  Judge Armstrong noted that Oliver's supervision would mitigate the risk Franklin posed to the community.[22]

On October 19, 2022, the Government filed this motion to stay and revoke Franklin's release.[23]

On October 24, 2022, pretrial services discovered that, although Franklin's mother's home qualifies for home detention, his mother cannot supervise Franklin.  Oliver is a convicted felon with a pending state felony charge for receiving a stolen car.[24]  Oliver shared the home with Franklin that contained ammunition and potentially a firearm.

On October 28, 2022, Judge Armstrong issued a revised release-conditions order that removed the third-party-supervision condition of Franklin's release.[25]  The order did not name an alternative third-party supervisor or impose any new conditions.[26]

On November 2, the Court granted in part Franklin's motion for leave to respond to the Government's motion.  On November 3, Franklin filed his response.[27]

## II.    Legal Standard

When a magistrate judge orders a defendant released, the Government may move to revoke the defendant's release.[28]

---

[21] *Id.* at 39 (PageID 203).
[22] *Id.* at 36–37 (PageID 200-01).
[23] Doc. 30.
[24] Doc. 36 at 2 (PageID 142).
[25] *Compare* Doc. 38 at 3 (PageID 157), *with* Doc. 40 at 3 (PageID 163).
[26] *See* Doc. 40.
[27] Doc. 44.
[28] 18 U.S.C. 3145(a)(1).

Case No. 22-cr-521
GWIN, J.

The Court considers several statutory factors when deciding whether a defendant

should remain detained:

> (1)  the nature and circumstances of the offense charged ...;
>
> (2)  the weight of the evidence against the person;
>
> (3)  the history and characteristics of the person...; and
>
> (4)  the nature and seriousness of the danger to any person or the community
>       that would be posed by the person's release....[29]

The Government bears the burden "to prove that no conditions of release can assure

that the defendant will appear and to assure the safety of the community."[30]

But if the Court has probable cause to believe that a defendant committed certain

serious offenses, there exists a rebuttable presumption that no release conditions will

ensure the defendant's appearance or the community's safety.[31]  Crimes violating 18 U.S.C.

§ 924(c) trigger the detention presumption.[32]

The detention presumption shifts the burden of production to the defendant.[33]  The

defendant may rebut the presumption by offering evidence tending to disprove the

presumption.  "Although a defendant's burden of production 'is not heavy,' he must

introduce at least some evidence" tending to show that some conditions would ensure the

defendant's appearance and the community's safety.[34]  And even when a defendant rebuts

the presumption, the Court still considers "Congress's substantive judgment that particular

---

[29] 18 U.S.C. § 3142(g).
[30] *United States v. Stone*, 608 F.3d 939, 946 (6th Cir. 2010).
[31] 18 U.S.C. § 3142(e)(3).
[32] 18 U.S.C. § 3142(e)(3)(B).
[33] *Stone*, 608 F.3d at 945.
[34] *Id.* (quoting *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir.1991)).

Case No. 22-cr-521
GWIN, J.

classes of offenders should ordinarily be detained prior to trial" in its detention-factor analysis.[35]

## III.    Discussion

### A.  Rebuttable Presumption of Detention

Franklin did not rebut the presumption that no conditions could ensure both his appearance at trial and the community's safety.

Franklin concedes that the indictment charging Franklin with violations of 18 U.S.C. § 924(c) triggers the detention presumption.[36]

At the detention hearing, Franklin did not proffer evidence sufficient to rebut the presumption.  Franklin's counsel asked the Government several questions about the evidence the Government presented.[37]  Franklin's counsel also proffered Franklin's youth, his lack of past criminal history, and his "strong ties to the community."[38]

The Court finds that these bare assertions do not rebut the presumption that Franklin should be detained pending trial.  Certainly, Franklin's community ties and lack of a passport make him an unlikely flight risk.

But Franklin did not offer evidence at the detention hearing that some combination of conditions could ensure the community's safety.[39]  Franklin's youth and prior lack of a criminal history did not prevent his alleged participation in the charged violent offenses.

---

[35] *Id.*

[36] Doc. 44 at 2 (PageID 212); *see Stone*, 608 F.3d at 946–47.

[37] Doc. 41 at 21–25 (PageID 185–89).

[38] *Id.* at 25–26 (PageID 189–90). The record contains conflicting accounts of where Franklin grew up.  During the detention hearing, Franklin proffered through counsel that "he has lived in Akron his whole life."  Doc. 41 at 25–26.  But pretrial services reported that Franklin spent the majority of his teenage years in Cleveland.  Doc. 28 at 2 (PageID 120).

[39] *See* Doc. 41. Franklin's response likewise fails to cite any evidence to rebut the presumption that no combination of conditions would ensure the community's safety.  *See* Doc. 44 at 2 (PageID 212) (discussing only evidence that makes Franklin less likely to fail to appear).

Case No. 22-cr-521
GWIN, J.

So, those attributes alone cannot rebut the presumption that his release would endanger the community.

### B.  Detention Factors

Even if Defendant Franklin had successfully rebutted the statutory detention presumption, the detention factors weigh in favor of revoking Franklin's release.

Magistrate Judge Armstrong noted that the statutory factors "weigh in favor of detention,"[40] but decided that a combination of conditions—including Tanya Oliver's supervision—could mitigate the danger Franklin posed to the community.

Pretrial services have since determined that Oliver does not qualify as a third-party supervisor.  So, the Court decides that no combination of available conditions could sufficiently guarantee Franklin's appearance or the community's safety if released.

The violent and brazen nature and circumstances of Franklin's charged crimes weigh strongly in favor of detention.  Franklin and his co-defendants allegedly engaged in a one-day carjacking spree involving intentional car crashes and firearms in broad daylight.[41]

At the detention hearing, the Government offered strong circumstantial evidence of Franklin's guilt, which weighs in detention's favor.

The Defendant's history and characteristics are neutral at best.  Franklin has no criminal record.  He is a lifelong Northeast Ohio resident.

---

[40] *Id.* at 36 (PageID 200).
[41] *Id.* at 12–13 (PageID 176–77).

- 7 -

Case No. 22-cr-521
GWIN, J.

On the other hand, Franklin does not work and self-reports daily, habitual cannabinoid use.  Further, nothing suggests that he suffers any physical or mental illness that would make detention inappropriate.[42]

The Court finds that Franklin would pose a danger to the community if released.  He allegedly participated in a violent carjacking scheme.  And video footage showed Franklin holding a rifle in front of the stolen cars.  Franklin also had ammunition in his bedroom.

Further, Tanya Oliver's home, where Franklin would live if released, would not supply a stable environment.  Tanya Oliver is a convicted felon and currently faces state charges for receiving a stolen vehicle.[43]  And, despite her felon status, Officers discovered a gun and ammunition in her kitchen.[44]  Franklin's response does not address Oliver's felon status or her disqualification as third-party supervisor.[45]

Finally, Congress's judgment that defendants accused of violating section 924(c) should remain detained until trial weighs in favor of revoking Franklin's release.[46]

## IV.  Conclusion

For the foregoing reasons, the Court **GRANTS** the Government's motion to stay and revoke Franklin's release.


IT IS SO ORDERED.

Dated: November 3, 2022                    s/      *James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE

---

[42] Doc. 28 at 2–3 (PageID 120–21).
[43] Indictment, *Ohio v. Tanya Oliver*, Cuyahoga C.P. No. CR-22-673143-A (August 18, 2022).
[44] Doc. 41 at 19–20 (PageID 183–84).
[45] *See* Doc. 44.
[46] *See Stone*, 608 F.3d at 945.

- 8 -